IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRANDY MORRIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., previously known as Wal-Mart Stores, Inc., TELECHECK SERVICES, LLC, and TELECHECK SERVICES, INC.,<br><br>Defendants. | CV 22-16-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Brandy Morris ("Morris") initially brought this putative class action against Defendant Walmart, Inc. ("Walmart") arising from Walmart's returned check fee processing practices. (Doc. 3.) Subsequently, Morris filed an Amended Complaint adding Telecheck Services, LLC and Telecheck Services, Inc. ("Telecheck") as Defendants. (Doc. 80.) Presently before the Court is Telecheck's Motion to Dismiss. (Doc. 90).

The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for review. (Docs. 105, 114.) For the following reasons, the Court recommends that Telecheck's motion be **DENIED**.

/ / /

1

I.      BACKGROUND

Morris brings this action challenging Defendants' practices of (1) charging multiple returned check fees for the same check and (2) reprocessing checks and returned check fees as separate items. Morris alleges these practices breach the Check Policy that is posted at checkout aisles in Walmart's Montana stores. Morris alleges Telecheck is liable on grounds that it serves as Walmart's check processing partner and processes returned check fees on Walmart's behalf.

The Check Policy provides:

> When you provide a check as payment, you authorize us to use information from your check to process a one-time Electronic Funds Transfer (EFT) or a draft drawn from your account, or to process the payment as a check transaction.  When we use information from your check to make an EFT, funds may be withdrawn from your account as soon as the same day you make your payment, and your financial institution will not return your check.
>
> If your check's returned unpaid, you also authorize us to
> collect a return payment and a return fee of
> $25.00
> by an EFT(s) or drafts(s) drawn from your account.

(Doc. 80 at ¶ 21.)

Morris alleges that she wrote a check for $139.71 at a Walmart store in Montana on January 2, 2018.  The check was returned unpaid by Morris's bank, and her bank assessed a $30 NSF Fee.  (*Id.* at ¶¶ 11-12.)

Six days later, on January 8, 2018, Walmart attempted to process the check again. The check was again returned unpaid by Morris's bank, and Morris was charged another $30 NSF Fee by the bank. (*Id.* at ¶ 13.)

After the second returned check, Walmart attempted to withdraw a $25 Return Fee from Morris's bank account on January 19, 2018. Morris's account did not have sufficient funds to cover the Return Fee, so the attempt was returned unpaid, and Morris's bank charged her another $30 NSF Fee. (*Id.* at ¶ 14.)

Walmart again attempted to deduct a $25 Return Fee from Morris's account on January 26 and February 2, 2018. The attempts were again returned unpaid, and Morris's bank charged her two additional $30 NSF Fees. (*Id.* at ¶¶ 16-17.)

In total, Walmart attempted five separate withdrawals from Morris's account – two for the amount of the check, and three for the collection of Walmart's return fee. As a result of Walmart's reprocessing practices, Morris was assessed $150 in NSF Fees by her bank. (*Id.* at ¶ 18.)

Morris initially brought this action solely against Walmart, and asserted claims for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), and unjust enrichment (Count III). (Doc. 3.)

The Court considered a motion to dismiss filed by Walmart, and determined that Morris's claims for breach of contract and breach of the implied covenant of good faith and fair dealing were plausible. (Docs. 31, 32.) Specifically, the Court

3

found that both Morris and Walmart set forth plausible, opposing interpretations of the Check Policy, and resolving the potential ambiguity was not appropriate on a motion to dismiss. The Court, therefore, denied Walmart's motion to dismiss Count I and Count II to the extent it was based on a contract theory. But the Court granted Walmart's motion as Count II based on a tort theory, as well as Count III. (Docs. 31, 32.)

Thereafter, Morris filed the Amended Complaint adding the Telecheck Defendants. (Doc. 80.) Other than adding Telecheck, and omitting the dismissed claims, the Amended Complaint is substantially identical to the original Complaint subject to Walmart's motion to dismiss. In the Amended Complaint, Morris reasserts the claims for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II). (*Id.* at 35.)

Telecheck now moves to dismiss, arguing Morris does not plausibly allege a claim for breach of contract or breach of the duty of good faith and fair dealing.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule

8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998).

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). But the Court also may consider documents attached to the pleadings and may

5

consider documents incorporated into the pleadings by reference. *Ritchie*, 342 F.3d at 908. Documents may be incorporated by reference into the pleadings where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999.

## III. DISCUSSION

Telecheck invites the Court to reconsider its prior ruling that Morris plausibly alleged breach of contract based on the Check Policy.

In federal court, a judicial determination at one stage of a proceeding becomes the "law of the case." "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.)). *See also Arizona v. California*, 460 U.S. 605, 618 (1983) (stating a judicial determination at one stage of a proceeding "should continue to govern the same issues in subsequent stages in the same case."). A court may depart from the law of the case only if: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest

6

injustice would otherwise result." *Alexander*, 106 F.3d at 876.  None of these conditions are present here.

Telecheck argues that it has presented substantially different evidence in its motion to dismiss than that presented by Walmart.  Specifically, Telecheck asserts that, unlike Walmart's motion, its argument for dismissal is primarily based on the National Automated Clearing House Association ("NACHA") Operating Rules.  Telecheck contends Morris's interpretation of the Check Policy is not plausible because the NACHA Rules require Telecheck to process checks and returned check fees as separate items, and also allows it to attempt three debits to collect a returned check fee.  Thus, Telecheck argues, both of Morris's breach of contract theories are contrary to the NACHA Rules.

The NACHA Rules, however, constitute extrinsic evidence that is not properly before the Court on this motion to dismiss.  NACHA is a private financial industry organization.  It develops and administers the private sector NACHA Rules that "establish the contractual obligations between the national network of banks and financial institutions that transfer funds electronically to and from bank customers' accounts." *Ham v. JPMorgan Chase Bank, N.A.*, 2024 WL 1345078, at *8 (W.D. Wash. Mar. 29, 2024).  The NACHA Rules are not freely available.  They are maintained behind a paywall, and cost approximately $100 to access.  *See*

7

*Wilkins v. Bank*, 2023 WL 1868142, *5 (E.D. Ark. Feb. 9, 2023); NACHA Website, https://www.nachaoperatingrulesonline.org (last visited April 2024).

The Amended Complaint does not refer to, or in any way incorporate the NACHA Rules. Moreover, the NACHA Rules are not subject to judicial notice. As the court in *O'Donovan v. CashCall, Inc.*, 2009 WL 1833990 (N.D. Cal. June 24, 2009) aptly explained:

> The NACHA rules are released by an industry organization, not by a government agency or other type of official body. They are not generally known within the jurisdiction, and are not subject to verification by resort to resources whose accuracy cannot be reasonably questioned. Therefore, they are not properly subject to judicial notice.

*Id.* at *12.

Accordingly, to the extent the NACHA Rules may be relevant to the claims in this case, they cannot be considered at the motion to dismiss stage. As such, the Telecheck's reliance on the extrinsic NACHA Rules do not provide grounds for the Court to depart from the law of the case.

Moreover, none of the other exceptions to the law of the case doctrine apply. Telecheck has not persuaded the Court that its prior determination that Morris stated a plausible claim for breach of contract and breach of the covenant of good faith and fair dealing is clearly erroneous. Further, Telecheck has not shown there has been an intervening change in the law, existence of other changed

circumstances, or that applying the law of the case doctrine would work a manifest injustice.

"Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Alexander*, 106 F.3d at 876.  Accordingly, the Court concludes the law of the case precludes Telecheck's challenge to the Court's prior determination that Morris has stated a plausible claim for breach of contract and breach of the covenant of good faith and fair dealing.

## IV.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Telecheck's Motion to Dismiss (Doc. 90) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 17th day of May, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge